

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-3-2005

# In Re: Davis

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2443

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Davis " (2005). *2005 Decisions.* Paper 744.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/744

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-281                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2443
_____

IN RE: PHILIP WILL DAVIS,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the
(Related to W.D. Pa. Crim. No. 96-cr-00185-17)
_____

Submitted Under Rule 21, Fed. R. App. Pro.
JUNE 23, 2005

Before:   ALITO, MCKEE and AMBRO,  Circuit Judges

(Filed:August 3, 2005)

_____

OPINION
_____

PER CURIAM

Pro se petitioner Philip Will Davis seeks a writ of mandamus to compel the United

States District Court for the Western District of Pennsylvania to make a different

determination on his motion filed pursuant to 28 U.S.C. § 2255.  The District Court

denied relief, concluding that Davis's motion was untimely under section 2255's one-year

limitations period.  In his mandamus petition, Davis asks this Court to compel the District

Court to apply the one-year limitations period in a different manner, thereby allowing him to bring his claim under Ring v. Arizona, 536 U.S. 584 (2002), in a timely section 2255 motion. Davis has submitted a letter dated July 19, 2004, pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, citing Blakely v. Washington, 124 S. Ct. 2531 (2004), as it pertains to his claim under Ring.

The remedy of mandamus is appropriate to aid this Court's jurisdiction in extraordinary circumstances only. See In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998). To prevail, a petitioner must show, among other things, that there are no other available means to obtain the relief he seeks. Id. Significantly, mandamus is not an alternative to an appeal; because of its drastic nature, "a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal." Id.

We observe that Davis has appealed the District Court's order, and his application for a certificate of appealability under 28 U.S.C. § 2253(c)(1) is currently pending in this Court in C.A. No. 04-1604. Thus, Davis clearly has available means of obtaining relief other than by way of a writ of mandamus.

For the foregoing reasons, we will deny the petition for a writ of mandamus.